## HUNT *versus* PERLEY.

Property, held by a religious society as a ministerial fund, is to be assessed to the treasurer.

A fund was vested in a board of trustees, under charge that its interest should be annually paid to support a minister of certain specified qualifications, statedly preaching in a house of public worship to be located in a prescribed portion of the town: —

That, together with another portion of the town, was afterwards incorporated into a parish, and the parish settled a minister who statedly preached in a house of public worship in the prescribed locality: —

*Held,* that the fund in the hands of the trustees was not property held by the *parish* as a *ministerial fund; and* that the treasurer of the board of trustees, is not, *ex officio,* the treasurer of the parish; and *that* taxes upon the fund cannot be assessed to him.

ON FACTS AGREED.

DEBT, brought by the collector of the town of Bridgton, to recover the taxes assessed for several years upon the defendant as treasurer of the South Parish Fund.

Hunt v. Perley.

In February, 1819, an Act of Massachusetts was passed, reciting certain donations which some individuals had made to create a fund for the support of a learned and pious Congregational minister in the town of Bridgton, and thereupon incorporating certain persons and their successors to be trustees of the fund, charged to appropriate the interest annually to the support of a learned protestant gospel minister of the Congregational order, duly and regularly ordained and settled, and statedly preaching in a house for the public worship of God, always to be located southerly of the fourteenth range of lots in that town ; provided that, if no such Congregational minister shall be settled in said town, or that if the one settled shall not regularly preach, for at least half of the number of Sabbaths during each year, in a house appropriate for public worship, located as aforesaid, then the interest of the fund for and during such year shall be added to and become a part of the principal.

In 1829, a portion of the town of Bridgton, (including the ranges of lots from one to twenty inclusive,) was incorporated as the South Parish in Bridgton. The parish then proceeded to erect a house of worship within its territory, and south of the fourteenth range of lots, and settled a stated minister in 1832, to whom the proceeds of the fund have been regularly paid by the treasurer of the trustees.

The parish has no parish funds, unless that in the hands of the trustees can be so considered.

The defendant has been for several years treasurer of the trustees with the care of the fund, and unless that constitutes him such, he has never been treasurer of the parish.

The assessors of Bridgton, for several years, have assessed him " as treasurer of the South parish fund." His residence is in a town adjoining to Bridgton, upon a territory, which was set off from Bridgton in 1834.

Whether the action is maintainable was submitted to the Court.

*Strout*, for the plaintiff.

*Willis* and *Fessenden*, for the defendant.

SHEPLEY, C. J. — By the Act of 1845, c. 159, § 10, it is provided, that " all property held by any religious society as a ministerial fund shall be assessed to the treasurer of such society." " And if it consists of personal property, it shall be assessed in the town, where such society usually hold their meetings."

Assessments were made by the assessors of the town of Bridgton for the years 1847, 8 and 9, on the defendant as treasurer " for the South Parish Fund."

On February 28, 1829, " so much of the town of Bridgton as lies on the southerly side of the line between the twentieth and twenty-first ranges of lots in said town" was incorporated into a parish by the name of the South Parish in Bridgton.

That parish has been organized under the act ; has erected a house for public worship within its limits, and south of the fourteenth range of lots in that town ; and there has been, since the year 1832, a Congregational minister settled in that parish and statedly preaching in that house, to whom the income of a fund hereafter noticed has since been paid. It is admitted, that there has not been any other parish known by that name ; and that the parish has no fund, unless the fund in the hands of the defendant can be considered as belonging to it.

The inquiry is thus presented, whether the fund held by the defendant as treasurer, can be considered as property held by that parish as a ministerial fund.

By an Act of the Legislature of Massachusetts approved on February 18, 1819, " the trustees of the ministerial fund in Bridgton" were incorporated. Certain persons named had been by the donors appointed trustees to manage their donation. Those persons were by the Act of incorporation made trustees, and were by it directed how to manage the fund and to dispose of its income.

By the third section of the Act of incorporation, it was made the duty of the trustees to pay the interest annually into the treasury of the town of Bridgton, " which shall be appropriated to the support of a learned protestant gospel min-

ister of the Congregational order, duly and regularly ordained and settled and statedly preaching in a house for the public worship of God, which house shall always be located southerly of the fourteenth range of lots in said town of Bridgton and not elsewhere." There is a provision, if no such minister shall be settled, or if he shall not preach one half of the Sabbaths during the year in such house, that the interest during such year shall become a part of the principal.

The only change in the disposition of the fund, made by the Act of January 13, 1823, was to authorize the trustees to pay the interest to such minister of the gospel as is entitled to receive it, instead of paying it into the treasury of the town.

The present settled minister of the South parish in Bridgton may be entitled to receive the interest accruing yearly upon the fund. It is uncertain, whether he or any other minister of that parish will continue to be entitled to receive it. No one can be entitled to receive it, who does not fulfill in all respects the requirements of the Act. There may hereafter be two or more parishes having houses for public worship located in that town southerly of the fourteenth range of lots, and having ministers of like character statedly preaching in those houses. The south parish by being first incorporated and having a minister first settled, did not become the owner of the fund or perpetually entitled to have the interest paid to its settled minister. It might be dissolved, or otherwise cease to exist, and the fund would remain in the custody of the incorporated trustees unaffected by it. It might continue to exist and to have preaching statedly in its house not by a minister "of the Congregational order" or by one of that order not "duly and regularly ordained and settled and statedly preaching." Or it might have preaching by a minister having all the other qualifications required less than "one half of the number of Sabbaths during any year." Or it might have no settled minister, or no preaching statedly in its house. In all these cases the parish could have no claim upon the fund or upon the accruing interest. That would remain as the trust property of the corporate trustees.

The South parish does not appear to have any legal or equitable title to the fund or even to have the accruing interest on it applied to the support of its minister, except so long as it may be the only parish coming within the description contained in the Act incorporating the trustees, and has a minister in all respects conforming to the description of one contained in that Act. It has no title to the principal sum, and none to have the interest applied to the support of its minister except while it has one, and the only one entitled to receive it by having all the qualifications required by the Act. It cannot therefore be considered as holding property as a ministerial fund.

*Plaintiff nonsuit.*